fendant was in fact intoxicated when he committed the offense, and the mention by defense counsel of defendant's drinking on the night in question and problems with alcohol clearly for the sole purpose of getting defendant counselling while in prison, there was a reasonable basis for the plea.

In order to raise the defense of intoxication, provided for in section 6—3(a) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 6—3(a)), to a crime requiring intent, "* * * the accused must show that this drunkenness existed to such a degree as to render the accused wholly incapable of forming such intent." (*People v. Gonzales*, 40 Ill.2d 233, 241.) Not only is there no evidence here of intoxication to the degree that defendant was incapable of forming the intent to commit a theft, but there is evidence to the contrary (from the arresting officer, as stated supra, that defendant was lucid at the time of his arrest).

■■ In summation, there was a factual basis for defendant's guilty plea and the trial judge did not err in not making further inquiry into defendant's possible intoxication. Compare *People v. La Fette*, 21 Ill.App.3d 31.

For the foregoing reasons, the judgment of the Circuit Court of Winnebago County is affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.

---

*In re* ROBERT VASQUEZ, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* ROBERT VASQUEZ, a Minor, Respondent-Appellant.)

(No. 74-296; ▊▊▊▊▊▊▊

Second District (2nd Division)—May 9, 1975.

Opinion by Mr. JUSTICE DIXON.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva, for the People.

LORENE ANDERSON, Plaintiff-Appellant, *v.* FRANK DORICK *et al.*, Defendants-Appellees.

( No. 74-196; ▮▮▮▮▮▮▮▮▮▮

Third District—May 9, 1975.